[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10458

Non-Argument Calendar

_____

MICHAEL JONES,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00960-CLM

_____

Before LUCK, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Michael Jones appeals the district court's order affirming the Social Security Commissioner's denial of his application for disability insurance benefits ("DIB") and supplemental security income ("SSI").  No reversible error has been shown; we affirm.

When -- as in this case -- an Administrative Law Judge ("ALJ") denies an application for benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision.  See Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied.  See Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id.  We review de novo the ALJ's application of the law.  See Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).  "We review de novo the district court's decision on whether substantial evidence supports the ALJ's decision."  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

A person who applies for Social Security DIB or for SSI benefits must first prove that he is disabled.  See 20 C.F.R. §§

404.1512(a), 416.912(a).  The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there exist other jobs in the national economy the claimant can perform.  *Id.*

Jones filed an application for DIB and for SSI in February 2018.  Jones alleged that he was unable to work due to his disabling mental and physical conditions.  Following a hearing, the ALJ denied Jones's application.

Applying the five-step evaluation process, the ALJ found that Jones suffered from two severe impairments: degenerative disc disease and depression.  The ALJ, however, determined that Jones had no impairment or combination of impairments that met or medically equaled an impairment in the Listing of Impairments.  Pertinent to this appeal, the ALJ concluded that Jones's mental impairment did not meet the criteria for Listing 12.04: the listing for "Depressive, bipolar and related disorders."

The ALJ next determined that Jones had the RFC to perform sedentary work with several specific physical, environmental, and

mental limitations.[*]  Considering Jones's age, education, work experience, and RFC -- together with testimony of the vocational expert -- the ALJ determined that Jones could perform work in the national economy.  Accordingly, the ALJ concluded that Jones was not disabled.

Jones administratively appealed the ALJ's decision to the Appeals Council.  The Appeals Council denied Jones's request for review.  The district court affirmed.

## I.

On appeal, Jones first challenges the ALJ's consideration of the opinion of Dr. Nichols: a psychologist who had examined Jones once.  Jones argues that the ALJ erred in describing Dr. Nichols as a non-examining source.  Jones also contends that the ALJ failed to

---

[*] Jones's RFC included these limitations: occasional pushing or pulling with the lower extremities; no climbing ladders or scaffolding; occasional climbing of stairs and ramps; occasional balance and stooping; no kneeling, crouching, or crawling; occasional exposure to extreme heat, extreme cold, and vibration; no exposure to dangerous machinery or unprotected heights; no working on uneven or slippery surfaces; and the ability to use a handheld assistive device when walking.  During a regularly scheduled workday, Jones could understand and remember short and simple instructions (not complex or detailed instructions); do simple, routine, repetitive tasks (not detailed or complicated tasks); have no more than occasional contact with the general public and with coworkers; deal with changes in the workplace if well-explained and introduced occasionally and gradually; and may occasionally miss one or two days of work due to impairments.

state with at least "some measure of clarity" the grounds for "repudiating the opinion of an examining psychologist."

The ALJ's written decision contains a single reference to Dr. Nichols's opinion as a "nonexamining opinion." But the ALJ's decision -- read as a whole -- makes clear that the ALJ understood correctly that Dr. Nichols was a one-time examiner. In summarizing Jones's medical records, the ALJ noted that Jones visited Dr. Nichols in June 2019 for a private psychological evaluation. The ALJ then described the substance of Dr. Nichols's observations and diagnosis from that visit. Viewed in context, the ALJ's single use of the word "nonexamining" appears to be something in the nature of a typographical error.

We also reject -- as relying on an outdated standard -- Jones's challenge to the sufficiency of the ALJ's stated reasons. For claims filed before 27 March 2017, the ALJ was required to give "substantial or considerable weight" to the medical opinion of a treating physician absent a showing of good cause and was required to state "with some measure of clarity" the weight given to each medical opinion. *See* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *Winschel*, 631 F.3d at 1179.

In 2017, the Commissioner promulgated new regulations governing the consideration of medical opinions for purposes of reviewing applications for SSI and for DIB. *See* 20 C.F.R. §§ 404.1520c; 416.920c. Under the new regulations, an ALJ is to give no deference or "specific evidentiary weight, including controlling weight," to a treating physician's opinion. *See* 20 C.F.R.

§§ 404.1520c(a); 416.920c(a).  Instead, the ALJ must weigh medical opinions based on their persuasiveness and must articulate the persuasiveness of the medical opinions in its decision.  *See id.* §§ 404.1520c(a), (b); 416.920c(a), (b).  Because Jones filed his application in February 2018, his claims are governed by the new regulation.  *See id.* §§ 404.1520c; 416.920c (providing that the new regulations apply to claims filed on or after 27 March 2017).

Contrary to Jones's assertion on appeal, the ALJ did not simply "disregard" Dr. Nichols's opinion based on a mistaken assumption that Dr. Nichols was a non-examining psychologist.  The ALJ applied the proper legal standard by evaluating the persuasiveness of Dr. Nichols's opinion and by articulating reasons for finding that opinion unpersuasive.  In particular, the ALJ explained that Dr. Nichols's opinion lacked evidentiary support and was inconsistent with the aggregate record, with Jones's treatment history, and with Jones's own testimony.

On appeal, Jones raises no challenge to the ALJ's substantive assessment -- under the new regulation -- about the persuasiveness of Dr. Nichols's opinion.  Accordingly, we need not address that issue. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-83 (11th Cir. 2014) (explaining that a party abandons a claim "when he does not 'plainly and prominently' raise it" in his appellate brief).

## II.

Jones next asserts that he meets Listing 12.04 based on Dr. Nichols's evaluation.  This portion of Jones's counseled brief

22-10458                Opinion of the Court                7

consists of a recitation of the language in Listing 12.04 followed by this conclusory statement: "[t]he evaluation by Dr. June Nichols as summarized on pages 14-15 of this brief confirms eligibility pursuant to Listing 12.04." Jones offers no supporting argument or discussion about how his medical records demonstrate that he satisfied the criteria in Listing 12.04. Nor does Jones challenge directly any of the ALJ's detailed reasons for determining that Jones's medical conditions did not meet Listing 12.04. Jones has thus abandoned his argument about Listing 12.04. *See id.* ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *see also Harner*, 38 F.4th at 898-99 (concluding that the claimant "forfeited any challenge" to aspects of the ALJ's decision mentioned in her appellate brief when the claimant's counseled brief "consist[ed] only of block quotations" from various court decisions without reference to the facts of claimant's case and without "any meaningful explanation" about how the cited decisions applied to her claim).

## III.

Jones next contends that the ALJ's decision was unsupported by substantial evidence. We disagree.

Jones first says the "ALJ disregarded the psychological evaluation by Dr. June Nichols which was supported by treatment records of CED Mental Health." The ALJ did not, however, "disregard" Dr. Nichols's opinion. The ALJ considered Dr. Nichols's opinion and found it unpersuasive. And Jones's broad conclusory

statement -- without supporting argument or discussion of the facts -- that Dr. Nichols's evaluation was supported by treatment records is insufficient to challenge substantively the ALJ's determination about persuasiveness.

Jones also contends that the ALJ erred in relying on the vocational expert's testimony in determining that Jones could perform work in the national economy. Jones says that the hypothetical question posed by the ALJ to the vocational expert failed to state accurately Jones's limitations.

"[F]or a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson*, 284 F.3d at 1227. The ALJ need not include in the hypothetical question findings that the ALJ rejected properly as unsupported by substantial evidence. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Here, the hypothetical question the ALJ posed to the vocational expert reflected properly each of the physical, environmental, and mental limitations that were part of Jones's RFC. And Jones has identified no impairment or limitation that should have been -- but was not -- included in the hypothetical. Jones has thus not shown that the ALJ relied improperly on the vocational expert's testimony.

Substantial evidence supports the Commissioner's denial of DIB and SSI benefits; we affirm.

22-10458                Opinion of the Court                9

AFFIRMED.